# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
# NORTHERN DIVISION

**ANTONIO DAVON HOUSTON**                                                                          **PETITIONER**

**v.**                                                         **CIVIL ACTION NO.: 3:23-cv-232-KHJ-MTP**

**SHERIFF BILLIE SOLLIE**                                                                            **RESPONDENT**

## REPORT AND RECOMMENDATION

THIS MATTER is before the Court on Antonio Davon Houston's *pro se* Petition for Writ of Habeas Corpus [1] filed under 28 U.S.C. § 2241 and Respondent Sheriff Billie Sollie's[1] Motion to Dismiss [16]. Petitioner has not responded to Respondent's Motion [16], and the time for doing so has expired.[2] Having considered the petition, the record, and applicable law, the undersigned recommends that the Motion to Dismiss [16] be GRANTED and the Petition [1] be DENIED.

## BACKGROUND

Antonio Davon Houston ("Houston"), proceeding *pro se*, is a pretrial detainee currently housed at the Lauderdale County Detention Facility. Houston alleges that he has not yet been brought to trial since first being indicted in January 2023, and that his initial appointed public defender did not speak with him about his case for more than eleven months. He further challenges the service of his indictment regarding five counts of sexual battery against children

---

[1] Some cases provide that Respondent's name is "Billy Sollie." *See, e.g., Hubbard v. Sollie*, Case No.: 3:23-cv-385-CWR-FKB; *Parker v. Sollie, et al.*, Case No.: 3:23-cv-440-HTW-LGI; *Sumrall v. Sollie*, Case No.: 3:23-cv-466-KHJ-MTP. The record in this action identifies Respondent as "Billie Sollie," which has often been used in other cases as well. *See e.g., Joles v. Sollie*, Case No.: 3:23-cv-48-DPJ-LGI; *Brown v. Sollie*, Case No.: 3:23-cv-244-KHJ-MTP.

[2] Respondent filed the Motion to Dismiss [16] on January 8, 2024, and certified that the Motion [16] was mailed via U.S. mail, postage pre-paid, to Houston's address of record that day.

under fourteen,[3] alleging that he was not given a copy of the indictment thirty days before he was indicted. [1] at 7.

The Lauderdale County Circuit Court records reflect that Houston was arrested on two charges of sexual battery and one charge for "failure to pay" on March 31, 2022. *See* [9-1]. Having already been out on bond for an unrelated crime, Houston was not granted bond following that arrest. *Id*. at 4. On January 12, 2023, Houston was indicted for five counts of sexual battery against children under the age of fourteen. [16-2]. He was later indicted for failing to timely update his sex offender registration upon a change of address on April 6, 2023. [16-5].

The Lauderdale County Circuit Court entered numerous orders resetting Houston's criminal matters for trial and other conferences to allow for additional discovery,[4] judicial economy,[5] and a hearing on motions. *See* [16-8], [16-9], [16-10]. James E. Smith, III, Houston's retained counsel in both cases, signed each order. Now, Houston complains that he never signed any continuance and that he has not yet been brought to trial despite his counsel having told the State they "are ready to go to trial." [12].

---

[3] Houston must be referencing his indictment regarding sexual battery since the Petition [1] was filed on April 4, 2023, two days before Houston was indicted for failure to update his sex offender registration.

[4] Additional discovery was requested by Houston's retained counsel, James. E. Smith, III, on May 31, 2023, the day that Smith entered an appearance as Houston's counsel of record in his sexual-battery case. *See* [17-1] at 13. Smith entered his appearance in Houston's failure-to-register case on June 21, 2023. *See* [17-2] at 7.

[5] Having been subsequently indicted for failing to update his sex offender registration, the Lauderdale County Circuit Court reset the first trial setting and plea deadline in Houston's sexual battery case from June 21, 2023, to August 30, 2023 – the first trial setting and plea deadline in Houston's failure-to-update case. *See* [16-8].

Additionally, Houston challenges his conditions of confinement and alleges that he is subject to cruel and unusual punishment, that he is subject to discrimination, and he complains of the conditions of the jail. [1] at 7-8. Houston's conditions-of-confinement claims were severed in a separate action under 42 U.S.C. § 1983, because they were not properly before the Court in his habeas petition.[6] *See Orellana v. Kyle*, 65 F.3d 29 (5th Cir. 1995).

For relief, Houston requests that all charges be dismissed and that he be released immediately from custody. [1] at 8. Respondent Billie Sollie ("Respondent") moved to dismiss the Petition [1] for failure to state a claim upon which relief may be granted, or in the alternative, for failure to exhaust state court remedies. *See* [16]. Houston has not responded and the time for doing so has expired.

**ANALYSIS**

A pretrial detainee may seek federal habeas relief under 28 U.S.C. § 2241, "which applies to persons in custody regardless of whether final judgment has been rendered and regardless of the present status of the case pending against him." *Stringer v. Williams*, 161 F.3d 259, 262 (5th Cir. 1998) (quoting *Dickerson v. Louisiana*, 816 F.2d 220, 224 (5th Cir. 1987)). A petitioner, however, must first exhaust available state court remedies as to each ground upon which he seeks habeas relief. *See Dickerson*, 816 F.2d at 225. "[F]ederal courts should abstain from the exercise of … jurisdiction if the issues raised in the petition may be resolved either by trial on the merits in the state court or by other state procedures available to the petitioner." *Id*. The exhaustion doctrine "was judicially crafted on federalism grounds in order to protect the state courts' opportunity to confront and resolve initially any constitutional issues arising within their jurisdiction as well as to limit federal interference in the state adjudicatory process." *Id*.

---

[6] *See Houston v. Mississippi*, Case No.: 3:23-cv-498-KHJ-MTP.

To satisfy the exhaustion requirement, a petitioner must "give the state courts an opportunity to act on his claims before he presents those claims to a federal court in a habeas petition." *O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999). The petitioner must present his claims to the state's highest court in a procedurally proper manner and afford that court a fair opportunity to consider them. Here, Houston "would need to present the grounds of his federal habeas petition to the Mississippi Supreme Court." *Hudson v. Mississippi*, 2009 WL 2487930, at *1 (S.D. Miss. Aug. 12, 2009). "The exhaustion requirement is excused only in those rare cases where exceptional circumstances of peculiar urgency mandate federal court interference."[7] *Deters v. Collins*, 985 F.2d 789, 795 (5th Cir. 1993).

Respondent has shown that Houston did not exhaust his claims in the instant petition in the Lauderdale County Circuit Court,[8] and Houston has not responded indicating otherwise. Moreover, Houston does not assert that he presented his claims to the state's highest court as required and does not identify any exceptional circumstances to avoid the pre-filing exhaustion requirement. A review of the record also confirms that Houston has not pursued any challenge regarding his pretrial detention in that court.[9] Thus, Houston has failed to exhaust his state remedies.[10] *See Hillie v. Webster*, 2019 WL 1304256, at *4 (N.D. Miss. Jan. 4, 2019) (noting

---

[7] If seeking state remedies would be futile, the exhaustion requirement is excused. *See Layton v. Carson*, 479 F.2 1275 (5th Cir. 1973). If the state changes the substantive law on the applicable federal issue after the highest state court has reviewed a petitioner habeas corpus application, exhaustion may be excused. *See Galtieri v. Wainwright*, 582 F.2d 348 (5th Cir. 1978). Additionally, the exhaustion requirement may be excused if the procedural requirements are too cumbersome and complex that they frustrate good faith efforts to comply with them. *See Carter v. Estelle*, 677 F.3d 427 (5th Cir. 1982).

[8] Respondent attached Houston's criminal docket sheets for the sexual-battery and failure-to-update charges. Neither reflects that Houston has submitted any challenge to his pretrial detention, or raised any arguments set forth in the instant Petition [1], to the trial court.

[9] *See* https://www.courts.ms.gov/ (last visited February 27, 2024).

that petitioner did not seek a remedial writ in the Mississippi appellate courts and finding that petitioner failed to exhaust his state court remedies).

## RECOMMENDATION

For the reasons set forth above, the undersigned recommends that:

1. The Petition for Writ of Habeas Corpus [1] be DENIED;

2. Respondent's Motion to Dismiss [16] be GRANTED; and

3. This action be DISMISSED without prejudice.[11]

## NOTICE OF RIGHT TO OBJECT

In accordance with the rules and 28 U.S.C. § 636(b)(1), any party, within fourteen days after being served a copy of this recommendation, may serve and file written objections to the recommendations, with a copy to the District Judge, the U.S. Magistrate Judge, and the opposing party. L.U. Civ. R. 72(a)(3). The District Judge at that time may accept, reject or modify in whole or in part, the recommendation of the Magistrate Judge, or may receive further evidence or recommit the matter to this Court with instructions. Failure to timely file written objections to proposed findings, conclusions, and recommendations contained in this report will bar an aggrieved party, except on the grounds of plain error, from attacking on appeal unobjected to

---

[10] Respondent claims that Houston does not invoke his request a speedy trial in his Petition but only references his speedy-trial right under state law. Houston does invoke the Sixth Amendment in a "Declaration" [12]. Still, Houston does not request to be brought to trial; he only requests that the charges be dismissed and that he be released immediately from custody. Even if he had brought a speedy-trial claim, Houston must exhaust his available state remedies. *See Dickerson v. Louisiana*, 816 F.2d 220, 225 (5th Cir. 1987).

[11] Houston references possible mail tampering in his Response [9] to the Court's Show Cause Order [8], but it is not clear whether he intends to assert a mail-tampering claim. If so, he should bring that claim in a separately-filed action under 42 U.S.C. § 1983. *See Rourke v. Thompson*, 11 F.3d 7, 49 (5th Cir. 1993); *Pierre v. United States*, 525 F.2d 933, 935 (5th Cir. 1976). This Report and Recommendation is not intended to suggest that Houston has or does not have a viable mail-tampering claim.

5

proposed factual findings and legal conclusions accepted by the District Court. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996).

      This the 28th day of February, 2024.

s/Michael T. Parker
United States Magistrate Judge
