UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

ANTONIO DAVON HOUSTON                                                         PETITIONER

V.                                                   CIVIL ACTION NO. 3:23-CV-232-KHJ-MTP

SHERIFF BILLIE SOLLIE                                                         RESPONDENT

ORDER

Before the Court is Magistrate Judge Michael T. Parker's [18] Report and Recommendation. The Court adopts the Report. It thus grants Respondent's [16] Motion to Dismiss, denies Petitioner's [1] Petition for Writ of Habeas Corpus, and dismisses this action without prejudice.

I.   Background

This habeas action arises from pro se Petitioner Antonio Davon Houston's years of pretrial detention. Houston has been detained at the Lauderdale County Detention Center since March 2022. *See* [9-1] at 2; [19-2]. The state trial court appointed counsel a few weeks later. *See* [16-1] at 3. But Houston's case remained in limbo until January 2023, when Houston was indicted. *See, e.g.*, [16-2]; [16-3].[1]

---

[1] Similar delays between an arrest and indictment are all too common in Mississippi. *See, e.g.*, *MacArthur Center: Thousands Stuck in MS Jails without Formal Charges*, Univ. of Miss. Sch. of L. (Dec. 7, 2023) (noting that more than 1,100 pretrial detainees were detained for more than nine months), https://law.olemiss.edu/macarthur-center-thousands-stuck-in-ms-jails-without-formal-charges/. The infrequency of grand-jury proceedings contributes to that problem. *See id.*; *see also Grand Jury*, Univ. of Miss. Sch. of L. (last accessed Apr. 1, 2024) (showing that grand juries meet in most counties only two or three times per year), https://www.msjaildata.com/grand-juries/.

In April 2023, Houston filed a Section 2241 habeas petition. [1]. Houston asked to be "immediately released" from pretrial detention, asserting two grounds. *See id.* at 1–2, 6–8.[2] First, he alleged a deprivation of his right to counsel, explaining that he had "been incarcerated going on 11 months and [had not] spoken to [his former] lawyer about [his] case." *Id.* at 7; *see also* [9] at 1 (alleging that he did not speak to his former counsel for a year). Second, he alleged that he did not receive service of his indictment "30 days before [he was] indicted." [1] at 7. Houston followed up with several "Declarations" invoking his right to a speedy trial. *See* [9]; [11-1]; [12].

Respondent Sheriff Billie Sollie then filed a motion to dismiss. [16]. As relevant here, Sollie argued that Houston failed to exhaust his available state-court remedies. *Id.* at 13–15; *see also* [17-1]; [17-2].

The Magistrate Judge's Report recommends granting the motion to dismiss on that basis, denying the habeas petition, and dismissing this action without prejudice. *See* [18] at 4–5. Houston timely objected to the Report. [19]. As to exhaustion, he raised one objection:

> [R]espondent saying I didn't exhaust state remedies but when I had a public defender I wrote him multiple times on Lauderdale County kiosk system bout me going to trial he never did none for me.

*Id.* at 1.[3]

---

[2] He also challenged his conditions of confinement; the Court severed those claims from this habeas action. *See* [1] at 7–9; Order [5].

[3] Houston raised several other objections, as discussed below, but none are relevant to the dispositive issue of exhaustion. *See* [19].

II.    Standard

The Court reviews de novo the portions of the Report to which Houston objects. *See* 28 U.S.C. § 636(b)(1). The Court reviews the remaining portions under a clearly erroneous, abuse-of-discretion, and contrary-to-law standard of review. *United States v. Wilson*, 864 F.2d 1219, 1221 (5th Cir. 1989) (per curiam). The Court is not "required to reiterate the findings and conclusions of the magistrate judge." *Koetting v. Thompson*, 995 F.2d 37, 40 (5th Cir. 1993) (per curiam).

III.    Analysis

The Court adopts the Report over Houston's objection. The Report correctly concludes that Houston failed to exhaust state-court remedies. [18] at 4. "[I]t has long been settled that a Section 2241 petitioner must exhaust available state court remedies before a federal court will entertain a challenge to state detention." *Montano v. Texas*, 867 F.3d 540, 542 (5th Cir. 2017) (citing *Dickerson v. Louisiana*, 816 F.2d 220, 225 (5th Cir. 1987)). The record shows that Houston did not exhaust state-court remedies. *See* [17-1]; [17-2]; [18] at 4 & nn.8–9; [19] at 1; [20] at 11 & n.2.

The Report also correctly concludes that Houston "does not identify any exceptional circumstances to avoid the pre-filing exhaustion requirement." [18] at 4. Exceptions to the exhaustion requirement apply "only in extraordinary circumstances" in which state-court remedies "either are unavailable or wholly inappropriate to the relief sought, or where the attempt to exhaust such remedies

would itself be a patently futile course of action." *Montano*, 867 F.3d at 542–43, 546 (quoting *Fuller v. Rich*, 11 F.3d 61, 62 (5th Cir. 1994) (per curiam)).

Houston objects that he wrote to his former counsel multiple times about "going to trial," but his former counsel "never did none for [Houston]." [19] at 1. The Court interprets the objection to be that former counsel's unresponsiveness made state-court remedies unavailable.[4]

The Court overrules that objection. Although Houston wrote to his former counsel about "going to trial," the record does not show that Houston ever asked his former counsel to file any motions raising the grounds set forth in Houston's habeas petition. *See, e.g.*, [1] at 7; [19] at 1. Nor did Houston attempt to file any such motions pro se or otherwise notify the state courts of those grounds. *See* [17-1] at 1–2; [17-2] at 1–2. Nor did Houston's current state-court counsel—who first filed a notice of appearance in May 2023—file any such motions. *See id.* For those reasons, and the reasons set forth in the Report, the Court overrules Houston's objection.

Although Houston raised several other objections, none are relevant to the Report's findings or conclusions.[5] The Court therefore adopts the Report as the opinion of this Court.

---

[4] Houston may instead have been arguing that his right to a speedy trial itself excuses the exhaustion requirement. If so, that argument fails under Fifth Circuit precedent. *See Dickerson*, 816 F.2d at 227 (finding "no case authority that holds that the constitutional right to a speedy trial qualifies as a per se 'special circumstance' that obviates the exhaustion requirement").

[5] Houston objected that he did not know he was supposed to respond to the motion to dismiss, that he never signed off on the state-court orders resetting his case, that the state courts know their own laws and procedures, that the witness' name on the indictment was spelled inconsistently, that he did not commit the underlying offenses, and that he has been "mostly in the blind" about his case. [19] at 1–2. The Court has considered all of Houston's

IV.     Conclusion

The Court has considered all arguments. Those not addressed would not have changed the outcome. For the stated reasons, the Court ADOPTS Magistrate Judge Michael T. Parker's [18] Report and Recommendation, GRANTS Respondent's [16] Motion to Dismiss, DENIES Petitioner's [1] Petition for Writ of Habeas Corpus, and DISMISSES this action without prejudice. The Court will issue a separate final judgment consistent with this Order.

SO ORDERED, this 2nd day of April, 2024.

s/ *Kristi H. Johnson*
UNITED STATES DISTRICT JUDGE

---

objections. But they do not affect the Court's analysis or conclusion that Houston's failure to exhaust requires dismissal without prejudice.

The Court notes, however, that Sollie is incorrect in arguing that Local Rule 7(b)(4)'s response deadline applies to habeas petitioners like Houston. *See* [20] at 5–6. The Local Rules "do not apply to petitions or actions brought by a person . . . who seeks a writ of habeas corpus." L.U. Civ. R. 81. "Such actions are governed by orders entered in the particular case itself." *Id.*